IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **WIND TOWER TRADE COALITION,**<br><br>         **Plaintiff,**<br><br>   v.<br><br>**UNITED STATES,**<br><br>         **Defendant.** | Before: Hon. _____,<br>                  **Judge**<br><br>Court No. 24-00070 |

## COMPLAINT

Plaintiff Wind Tower Trade Coalition ("Plaintiff") or ("Coalition"), by and through its attorneys, alleges and states as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

The Coalition brings this Complaint to contest portions of the final results issued by the U.S. Department of Commerce ("Commerce") in the 2021-2022 administrative review of the antidumping duty order on certain utility scale wind towers from the Republic of Korea. The final results were issued on March 1, 2024 and were published in the *Federal Register* on March 7, 2024. *Utility Scale Wind Towers from the Republic of Korea*, 89 Fed. Reg. 16,544 (Dep't Commerce Mar. 7, 2024) (final results of antidumping duty administrative rev.; 2021-2022) ("Final Results") and accompanying Issues and Decision Memorandum.

### JURISDICTION

1.  The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Sections 516A(a)(2)(A)(i)(I) and (B)(iii) of the Tariff Act of 1930, *codified as amended at* 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (B)(iii).

**STANDING**

2.    The Coalition an association of domestic utility scale wind tower producers and therefore is an interested party within the meaning of 19 U.S.C. § 1677(9)(E). Plaintiff was the petitioner in Commerce's underlying antidumping duty investigation and participated in the administrative review underlying this appeal. Accordingly, Plaintiff has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d)

**TIMELINESS OF ACTION**

3.    The Coalition commenced this action by filing a Summons on April 5, 2024, within 30 days after the publication of the Final Results in the *Federal Register*. Summons (Apr. 5, 2024), ECF No. 1. The Coalition is filing this Complaint within 30 days after filing the Summons. The Summons and Complaint, therefore, are timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and pursuant to Rules 3(a)(2) and 6(a) of this Court.

**HISTORY OF THE ADMINISTRATIVE PROCEEDING**

4.    On October 11, 2022, Commerce initiated the administrative review subject to this Complaint, covering the period of review of August 1, 2021 to July 31, 2022. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 61,278, 61,281 (Dep't Commerce Oct. 11, 2022). Commerce selected Dongkuk S&C Co., Ltd. ("Dongkuk") as the mandatory respondent. *See Utility Scale Wind Towers from the Republic of Korea*, 88 Fed. Reg. 60,929 (Dep't Commerce Sept. 6, 2023) (prelim. results of antidumping duty admin. rev. and prelim. deter. of no shipments; 2021-2022) ("Preliminary Results"). Commerce published the Preliminary Results on September 7, 2023. *See id.*

5.    On January 4, 2024, Dongkuk submitted its response to Section D of Commerce's initial questionnaire response. *See* Letter from Trade Pacific PLLC to Sec'y Commerce, re: *Utility*

**Court No. 24-00070**

*Scale Wind Towers from the Republic of Korea – DKSC's Section B, C, and D Questionnaire Response* (Jan. 4, 2023). In its response, Dongkuk reported the product characteristics for each project and project-specific costs. *Id.* at 2. These costs included conversion costs, *i.e.*, "the direct labor, indirect variable overhead, and fixed overhead costs" Dongkuk incurred in converting the steel plate input into a wind tower. *See* Letter from Trade Pacific PLLC to Sec'y Commerce, re: *Utility Scale Wind Towers from the Republic of Korea – DKSC's Supplemental Section D Questionnaire Response* (June 9, 2023) at SD-25. In the normal course of business, Dongkuk reported dividing variable overhead into direct variable overhead costs, which are purportedly linked to specific projects, and indirect variable costs, which are "first allocated to each production process based on the allocation basis set by the nature of accounts and then subsequently allocated to each project based on production quantity." *Id.*

      6.      On March 17, 2023, the Coalition filed comments in response to Dongkuk's initial Section D response. *See* Letter from Wiley Rein, LLP to Sec'y Commerce, re: *Utility Scale Wind Towers from Korea: Deficiency Comments on Dongkuk's Initial Questionnaire Response* (Mar. 17, 2023). The Coalition provided an analysis of Dongkuk's reported conversion costs that demonstrated that the costs per-metric ton deviated significantly from the overall average. *See id.* at 3-4, Exhibit 1. This analysis mirrored Commerce's analysis in a previous antidumping duty review, *Utility Scale Wind Towers from Indonesia*, where Commerce acknowledged that costs specific to each type of tower where unrelated to the physical characteristics of the products. *Id.* at 3 (citing *Utility Scale Wind Towers from Indonesia*, 85 Fed. Reg. 40,231 (Dep't Commerce July 6, 2020) (final deter. of sales at less than fair value and final neg. deter. of critical circumstances) and accompanying Issues and Decision Memorandum at cmt. 5). The Coalition adjusted Dongkuk's conversion costs to correct for the significant variations unrelated to the

3

**Court No. 24-00070**

physical characteristics of the merchandise—the same adjustment as the agency made in *Utility Scale Wind Towers from Indonesia*. *See id.* at 3-4.

7. Commerce issued a supplemental questionnaire regarding Dongkuk's Section D response on May 9, 2023. This supplemental questionnaire asked Dongkuk to "{e}xplain and demonstrate conversions costs" calculated for certain CONNUMs and allocated to specific projects. Letter from Benito Ballesteros, Acting Program Manager, Off. IX, Enf't & Compl., to Dongkuk S&C Co., Ltd., re: *2021-2022 Antidumping Duty Administrative Review of Utility Scale Wind Towers from the Republic of Korea: Section D Supplemental Questionnaire* (May 8, 2023) at 8.

8. Dongkuk submitted its response to Commerce's supplemental Section D questionnaire on June 9, 2023. *See* Letter from Trade Pacific PLLC to Sec'y Commerce, re: *Utility Scale Wind Towers from the Republic of Korea – DKSC's Supplemental Section D Questionnaire Response* (June 9, 2023). Dongkuk reported that "conversion costs—i.e., direct labor, indirect variable overhead, and fixed overhead—are allocated by dividing the amount of work performed (production quantity)." *Id.* at SD-25. According to Dongkuk, its indirect variable overhead "is comprised of common costs that are not directly related to certain projects and, thus, are allocated on a monthly basis." *Id.*

9. On July 20, 2023, the Coalition submitted comments in advance of the preliminary decision. *See* Letter from Wiley Rein LLP to Sec'y Commerce, re: *Utility Scale Wind Towers from Korea: Pre-Preliminary Comments on Dongkuk's Questionnaire Response* (July 20, 2023). The Coalition set out the applicable statutory standard that Commerce relies on costs that "reasonably reflect the costs associated with the production and sale of the merchandise," *id.* at 2 (quoting

4

**Court No. 24-00070**

19 U.S.C. § 1677b(f)(1)(A)), and reiterated that Commerce's practice is to adjust costs where cost differences are based on factors other than the physical characteristics of the merchandise. *Id.*

10. Commerce issued its preliminary decision without addressing the Coalition's proposed cost correction but appeared to decline to adopt the proposal. *See generally* Memorandum from James Maeder, Depty Ass't Sec'y for AD/CVD Operations, to Lisa W. Wang, Ass't Sec'y for Enf't & Compl., re: *Decision Memorandum for the Preliminary Results of the 2021-2022 Administrative Review of the Antidumping Duty Order on Utility Scale Wind Towers from the Republic of Korea* (Aug. 29, 2023). Commerce did, however, "{weigh} average the steel plate input costs for all reported control numbers to mitigate the material cost differences unrelated to the physical characteristics of the products." *Id.* at 9-10. In other words, Commerce made an adjustment to Dongkuk's steel plate costs that was very similar to the adjustment it declined to make for Dongkuk's conversion costs. The Coalition again raised the issue of conversion costs in its case brief, providing an analysis of the conversion costs and sample coding language for the conversion cost adjustment. *See* Letter from Wiley Rein LLP to Sec'y Commerce, re: *Utility Scale Wind Towers from the Republic of Korea: Case Brief* (Oct. 13, 2023) at 2-6.

11. In the Final Results, Commerce declined to adopt the Coalition's proposed correction to Dongkuk's distorted conversion costs. *See* Memorandum from James Maeder, Deputy Ass't Sec'y for AD/CVD Operations, to Ryan Majerus, Deputy Ass't Sec'y for Policy and Negotiations, re: *Issues and Decision Memorandum for the Final Results of the 2021-2022 Administrative Review of the Antidumping Duty Order on Utility Scale Wind Towers from the Republic of Korea* (Mar. 1, 2024) at comment 3. Commerce acknowledged the existence of variations in average conversion costs per tower section but rejected the Coalition's analysis because it purportedly did not "consider that the CONNUMs vary in complexity with regard to bus bars, conduits, elevators,

Court No. 24-00070

platforms, and other internal components, all of which are reflected in the CONNUM and impact the costs associated with producing differing CONNUMS." *Id.* at 20. While Commerce stated that the reported conversion costs were reported based on Dongkuk's normal books and records, it failed to explain why these costs "reasonably reflect the costs associated with the production and sale of the merchandise" because it did not identify any impact these physical characteristics had on reported conversion costs. *Id.* at 20-21. Commerce also rejected the Coalition's comparison to its decision in *Utility Scale Wind Towers from Indonesia* without addressing the standard expressed in that decision. *Id.*

## CLAIMS AND BASES FOR RELIEF

### Count I

12. The Coalition hereby realleges and incorporates by reference paragraphs 1 through 11.

13. Commerce's failure to correct for Dongkuk's conversions costs, which were unrelated to the physical characteristics of the subject merchandise, is not supported by substantial evidence, is inadequately explained, and is otherwise contrary to law, namely 19 U.S.C. § 1677b(f)(1)(A) and relevant court and agency precedents.

### Count II

14. The Coalition hereby realleges and incorporates by reference paragraphs 1 through 13.

15. Commerce's conclusion that bus bars, conduits, elevators, platforms, and other internal components impact the costs associated with producing differing CONNUMs is not supported by substantial evidence, is inadequately explained, and is otherwise contrary to law.

6

**Court No. 24-00070**

## REQUEST FOR JUDGMENT AND RELIEF

For the reasons stated in this Complaint, the Coalition respectfully requests that the Court:

(1) Hold that Commerce's Final Results in the 2021-2022 antidumping duty administrative review of *Utility Scale Wind Towers from Korea* are not supported by substantial evidence on the record, are inadequately explained, and are otherwise not in accordance with law; and

(2) Remand the Final Results to Commerce for disposition consistent with the Court's final opinion.

Respectfully submitted,

*/s/ Laura El-Sabaawi*
Alan H. Price, Esq.
Robert E. DeFrancesco, III, Esq.
Laura El-Sabaawi, Esq.
Jeffrey O. Frank, Esq.
John Allen Riggins, Esq.

*Counsel to the Wind Tower Trade Coalition*

Dated: May 3, 2024

# CERTIFICATE OF SERVICE

PUBLIC SERVICE

*Wind Tower Trade Coalition v. United States*
**Court No. 24-00070**

I certify that a copy of this public submission was served on the following parties, via certified mail and electronic service, on May 3, 2024.

                                                        */s/ John Allen Riggins*
                                                        John Allen Riggins, Esq.

| | |
|---|---|
| Jarrod M. Goldfeder, Esq.<br>**Trade Pacific PLLC**<br>700 Pennsylvania Ave., SE<br>Suite 500<br>Washington, DC 20003 | Jaehong David Park, Esq.<br>**Arnold & Porter Kaye Scholer LLP**<br>601 Massachusetts Ave., NW<br>Washington, DC 20001 |
| General Counsel<br>**U.S. Department of Commerce**<br>14th Street and Constitution Ave., NW<br>Washington, DC 20230 | Attorney in Charge<br>International Trade Field Office<br>**Department of Justice, Civil Division**<br>Room 346, Third Floor<br>26 Federal Plaza<br>New York, NY 10278 |
| | Supervising Attorney<br>Civil Division – Commercial Litigation Branch<br>**U.S. Department of Justice**<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044 |