NON-CONFIDENTIAL VERSION

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| WIND TOWER TRADE COALITION,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>and<br><br>DONGKUK S&C CO., LTD.,<br><br>    Defendant-Intervenor. | Before:  Hon. Leo M. Gordon,<br>            Senior Judge<br><br>Court No. 24-00070<br><br>__NON-CONFIDENTIAL VERSION__<br>Business Proprietary Information<br>Removed from Pages: 3, 5, 7-9,<br>Attachment 1 |

<u>**PLAINTIFF WIND TOWER TRADE COALITION'S<br>COMMENTS IN OPPOSITION TO FINAL RESULTS OF REDETERMINATION<br>PURSUANT TO COURT REMAND**</u>

Alan H. Price, Esq.
Robert E. DeFrancesco, III, Esq.
Maureen E. Thorson, Esq.
Laura El-Sabaawi, Esq.
John Allen Riggins, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to Plaintiff Wind Tower Trade*
*Coalition*

Dated: April 9, 2026

**Ct. No. 24-00070**                                    NON-CONFIDENTIAL VERSION

## TABLE OF CONTENTS

<u>**Page**</u>

I.      Introduction .................................................................................................................1

II.     Commerce's Remand Redetermination is not Supported by Substantial Evidence or Otherwise in Accordance with Law......................................................................................1

      A.      Commerce's Decision Relies on Faulty Logic and Imposes Unwarranted Evidentiary Burdens on the WTTC .......................................................................2

      B.      Commerce's Decision Relies on the Unreasonable Conclusion that it has Already Accounted for Differences in Height and Weight in its Plate Smoothing Adjustment ......................................................................................5

      C.      Commerce's Analysis of Height, Weight, and Internal Complexity is Unsupported by Substantial Evidence ..................................................................7

III.    Conclusion ................................................................................................................10

i

Ct. No. 24-00070                                              NON-CONFIDENTIAL VERSION

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atl. Sugar, Ltd. v. United States,*
    744 F.2d 1556 (Fed. Cir. 1984)................................................................................2

*Dongkuk S&C Co., Ltd. v. United States,*
    134 F.4th 1320 (Fed. Cir. Apr. 21, 2025) ...............................................................5

*Dongkuk S&C Co. v. United States,*
    548 F. Supp. 3d 1376 (Ct. Int'l Trade 2021) ..........................................................4

*Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.,*
    463 U.S. 29 (1983)...................................................................................................1

*SKF USA Inc. v. United States,*
    630 F.3d 1365 (Fed. Cir. 2011).................................................................................1

*Ta Chen Stainless Steel Pipe, Inc. v. United States,*
    298 F.3d 1330 (Fed. Cir. 2002).................................................................................1

*Thai Plastic Bags Indus. Co. v. United States,*
    746 F.3d 1358 (Fed. Cir. 2014)..............................................................................2, 3

*U.S. Steel Corp. v. United States,*
    37 C.I.T. 1799, 953 F. Supp. 2d 1332 (2013) ..........................................................1

*Wind Tower Trade Coalition v. United States,*
    810 F. Supp. 3d 1351 (Ct. Int'l Trade 2025) ...........................................................3

**Statutes**

19 U.S.C. § 1677b(f)(1)(A)..............................................................................................2, 4

**Other Authorities**

*Antidumping Duties; Countervailing Duties,*
    61 Fed. Reg. 7,308 (Dep't of Commerce Feb. 27, 1996) .........................................2

Issues and Decision Memorandum for the Final Results of the 2021-2022 Administrative Review
of the Antidumping Duty Order on Utility Scale Wind Towers from the Republic of Korea
(Dep't of Commerce Mar. 1, 2024) ..................................................................................6

ii

## I.    INTRODUCTION

On behalf of Plaintiff Wind Tower Trade Coalition ("Plaintiff" or "WTTC"), we respectfully submit the following comments in opposition to the February 27, 2026 remand results issued by the U.S. Department of Commerce ("Commerce"). Final Results of Redeter. Pursuant to Ct. Remand Order in *Wind Tower Trade Coalition v. United States*, Ct. No. 24-00070 (Feb. 27, 2026), ECF No. 52-53 ("Remand Results"). In its remand results, Commerce partially reversed its findings in the underlying investigation. Originally, Commerce declined to adjust conversion costs reported by Dongkuk S&C Co., Ltd. ("Dongkuk") to account for differences in costs unrelated to the physical characteristic of the subject merchandise. *Id.* at 3. On remand, Commerce adjusted Dongkuk's reported direct labor, indirect variable overhead, and fixed overhead costs, *see id.* at 3-7, but left Dongkuk's direct variable overhead ("direct VOH") unadjusted. *See id.* at 7-8. For the reasons provided below, Plaintiff respectfully requests that the Court find that Commerce's remand determination with respect to direct VOH costs is unsupported by substantial evidence and otherwise contrary to law and remand to the agency for further consideration.

## II.    COMMERCE'S REMAND REDETERMINATION IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE OR OTHERWISE IN ACCORDANCE WITH LAW

"To be in accordance with law, a decision . . . must be supported by substantial evidence and reasoned explanations." *U.S. Steel Corp. v. United States*, 37 C.I.T. 1799, 1801-02, 953 F. Supp. 2d 1332, 1336 (2013) (citing *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 41-43 (1983); *SKF USA Inc. v. United States*, 630 F.3d 1365, 1373-74 (Fed. Cir. 2011)). To be supported by substantial evidence, a determination must be based on the record as a whole, taking into consideration both supportive evidence "as well as evidence that 'fairly detracts from the substantiality of the evidence.'" *Ta Chen Stainless Steel Pipe, Inc. v.*

*United States*, 298 F.3d 1330, 1335 (Fed. Cir. 2002) (quoting *Atl. Sugar, Ltd. v. United States*, 744 F.2d 1556, 1562 (Fed. Cir. 1984)).

Commerce's remand determination fails to meet these standards and thus should not be affirmed. As detailed below, Commerce has adduced faulty logic and imposed an unwarranted evidentiary burden on the WTTC. It has also downplayed, without adequate reasoning, the primary physical characteristics of wind towers – namely, height and weight. Finally, to the extent that its analysis does consider these and other physical characteristics, the agency has failed to adduce substantial evidence to support its conclusion that Dongkuk's direct VOH costs reflect the physical characteristics of the company's wind towers, rather than non-physical factors.

A.    **Commerce's Decision Relies on Faulty Logic and Imposes Unwarranted Evidentiary Burdens on the WTTC**

Commerce may only rely on the costs reported in a respondent's books and records "if such records . . . reasonably reflect the costs associated with the production and sale of the merchandise." 19 U.S.C. § 1677b(f)(1)(A). Commerce's longstanding position is that the costs associated with the production and sale of subject merchandise are those attributable to differences in the physical characteristics of the merchandise. This approach recognizes that physical differences "'generally account' for major differences in costs." *Thai Plastic Bags Indus. Co. v. United States*, 746 F.3d 1358, 1368 (Fed. Cir. 2014) (quoting *Antidumping Duties; Countervailing Duties*, 61 Fed. Reg. 7,308, 7,339 (Dep't of Commerce Feb. 27, 1996)).

On remand, Commerce reversed its decision to accept Dongkuk's as-reported indirect conversion costs because differences between costs "arise as a result of the allocation methodology that Dongkuk uses in its normal books and records *i.e.*, because Dongkuk allocates these costs on a monthly basis where there may be variation in production quantities between months." Remand Results at 4. In other words, Commerce found that the indirect costs principally reflected

2

BUSINESS PROPRIETARY INFORMATION
HAS BEEN DELETED

Ct. No. 24-00070                                                          NON-CONFIDENTIAL VERSION

production quantity variations, rather than the physical nature of the goods being produced. *Id.* By contrast, Commerce accepted Dongkuk's unadjusted direct conversion costs (that is, its direct VOH) because they were reported on a project-specific basis. *Id.* at 7, 12-13.[1] According to Commerce, the project-specific reporting insulates the reported direct VOH costs from the distortive allocation process used in reporting indirect conversion costs. *Id.*

However, Commerce has not explained why project-specific cost reporting means that Dongkuk's direct VOH costs reflect physical differences in the merchandised produced. Consider, for example, that the record shows that direct VOH costs were allocated to certain projects on a monthly basis. *See, e.g.*, Dongkuk Section D Supplemental Response at Exhibit SD-24 (showing that direct VOH [           ] for project [                    ] were allocated to [

]).  For that matter, Commerce smoothed Dongkuk's plate costs, which were also reported on a project-specific basis, because they nonetheless reflected conditions unrelated to the physical characteristics of the output wind towers (specifically, the time of purchase of the underlying raw materials). Thus, the fact that Dongkuk's direct VOH costs were reported on a project-specific basis is insufficient, on its own, to explain or support the agency's treatment of those costs as reflecting the physical characteristics of Dongkuk's wind towers.

To the extent that Commerce continues to rely on the fact that Dongkuk's direct VOH was reported consistently with the project-specific recording of those costs in the company's books and records, Remand Results at 7, 12-13, this Court previously rejected such reliance as employing circular reasoning. *See Wind Tower Trade Coalition v. United States*, 810 F. Supp. 3d 1351, 1358

---

[1]      According to Dongkuk's questionnaire responses, direct VOH include certain [

] expenditures. *See* Dongkuk Section D Supplemental Response, CD 37-44, PD 60, at Exhibit SD-24 (June 8, 2023).

(Ct. Int'l Trade 2025) ("Commerce failed to explain why Dongkuk's reported conversion costs were appropriate, save for circular reasoning that 'Dongkuk reported its conversion costs based on its normal books and records.'"). Section 1677b(f)(1)(A) of the Act does not allow Commerce to assume that a respondent's reported costs accurately reflect the costs of producing subject merchandise. Rather, Commerce must examine those costs and ensure they reasonably reflect the cost of producing the subject merchandise, an analysis that requires Commerce to assess differences between products with different physical characteristics.

Instead, Commerce appears to have upended its traditional analysis, and placed an inappropriate evidentiary burden on WTTC, by requiring the WTTC to show that a specific, non-physical factor explained variations in Dongkuk's direct VOH, rather than simply whether those variations were unrelated to physical characteristics. The agency claimed where it smooths costs, it typically finds that not only are the reported costs not reflective of physical characteristics, but that there is a specific factor, such as production timing, at play. The agency faulted WTTC for not demonstrating that the variations in direct VOH were caused by specific non-physical factors. *See* Remand Results at 13 ("while the petitioner contends that Dongkuk's reported direct VOH is not reflective of the physical characteristics . . . the petitioner provides no basis for this alleged mismatch."). But as this court has previously found, the proper analysis focuses on the physical characteristics of the output merchandise, and whether differences in these characteristics are sufficient to explain cost differences. *Dongkuk S&C Co. v. United States*, 548 F. Supp. 3d 1376, 1381 (Ct. Int'l Trade 2021) (remanding smoothing of plate costs out of concern that Commerce had not relied on the physical characteristics "as a 'guidepost'" in its analysis). It does not also require – and Commerce has not explained why it should – a further affirmative showing that a

**Ct. No. 24-00070**

particular non-physical factor explains why costs vary in ways that are not reasonably attributable to physical differences.

> **B.    Commerce's Decision Relies on the Unreasonable Conclusion that it has Already Accounted for Differences in Height and Weight in its Plate Smoothing Adjustment**

On remand, despite the primacy of the physical characteristics of the output wind towers to any smoothing analysis, Commerce refused to consider the relationship between direct VOH and the height and weight of output wind towers. *See* Remand Results at 15; *see also id.* at 18. Commerce's reason for this is strange. It observed that "Dongkuk's direct material costs, specifically its steel plate costs, correspond to most of the physical differences in these product characteristics." *Id.* at 6. Accordingly, the agency concluded that conversion costs, including direct VOH, "need not correspond to the weight and height of a tower because the differences in those product characteristics are accounted for by the amount of steel place consumed and the corresponding steel plate costs reported." *Id.* at 15.

Essentially, Commerce's premise is that in smoothing plate costs, it has already accounted for any differences in direct VOH cost that are unrelated the physical characteristics of the Dongkuk's towers. Commerce's premise is internally inconsistent. Commerce acknowledges that the height and weight of a tower should influence the tower's overall direct material plate costs, yet it also claims that height and weight should have no impact on conversion costs, including direct VOH.  And in smoothing plate costs, Commerce had recognized that taller and heavier towers should require more plate inputs. *See Dongkuk S&C Co., Ltd. v. United States*, 134 F.4th 1320, 1330 (Fed. Cir. Apr. 21, 2025). Presumably, the same should be true for conversion costs as a whole. Specifically, direct VOH expenditures such as [

] should increase in proportion to the height and weight of a tower,

5

to the extent that they correspond to the physical characteristics of Dongkuk's merchandise. Commerce has not explained why this should not be the case and, in fact, has recognized that it is, in fact, the case, for other costs including indirect conversion costs and direct material costs. Remand Results at 3-7.

Second, it is not the case that Commerce already accounted for unexplained differences in direct VOH when it smoothed plate costs. Plate costs are an entirely separate category of expenses from direct VOH. Dongkuk's total costs of manufacturing are comprised of four components (1) direct materials, (2) direct labor, (3) variable overhead costs, and (4) fixed overhead costs. *See* Dongkuk Section D Questionnaire Response, CD 11-24, PD 36-38 at D-33 – D-36 (Jan. 3, 2023). Steel plates are one of Dongkuk's primary raw materials, and their cost was therefore reported as part of Dongkuk's direct material costs. *See id.* at D-34 (explaining that Dongkuk's reported direct material costs are the sum of Dongkuk's plate costs, flanges, and sub-materials). They were not, in other words, part of variable overhead costs, or the narrower subset of direct VOH. *See* Issues and Decision Memorandum for the Final Results of the 2021-2022 Administrative Review of the Antidumping Duty Order on Utility Scale Wind Towers from the Republic of Korea (Dep't of Commerce Mar. 1, 2024) at 20, available at https://access.trade.gov/public/FRNoticesListLayout.aspx at barcode 4518796-02 (last visited Apr. 8, 2026). Commerce's adjustment of plate costs did not alter the labor, variable overhead, or fixed overhead components of Dongkuk's total cost of manufacturing. *See* Commerce's Preliminary Margin Calculation Memorandum, CD 48-51, PD 70 at 1-2 (Aug. 29, 2023). As such, even with the plate cost portion of Dongkuk's total cost of manufacturing adjusted, the conversion cost component continues to reflect any differences unrelated to physical characteristics. Commerce's conclusion that direct VOH "need not correspond to weight and height" because it

BUSINESS PROPRIETARY INFORMATION
HAS BEEN DELETED

Ct. No. 24-00070                                                    NON-CONFIDENTIAL VERSION

has already smoothed plate costs is unreasonable, unsupported, and underscores Commerce's failure to fully consider the relationship between these physical characteristics and Dongkuk's reported direct VOH. Remand Results at 15.

### C.    Commerce's Analysis of Height, Weight, and Internal Complexity is Unsupported by Substantial Evidence

To the extent Commerce does discuss the physical characteristics of Dongkuk's merchandise in its analysis, that discussion is limited to two sentences. First, regarding height and weight, Commerce observes that "{w}hen sorting Dongkuk's costs by direct variable overhead, as direct variable overhead increases [

]." *See id.* at 6-7 (citing Draft Remand Calculation, CRR 2-8, PRR 2, at Attachment 3 (Jan. 21, 2026)). Regarding internal complexity, Commerce claims that "CONNUMs that are [

] because, as direct variable overhead increases, [

] increases." Remand Results at 8. These conclusions are not supported by the record.

In response to Commerce's draft remand, the WTTC provided several CONNUM comparisons to refute Commerce's assertion that height, weight, and complexity "generally" drove differences in direct VOH.[2] *See* Petitioner Comments on Draft Remand, CRR 9-10, PRR 9, at 4-5 (Jan. 29, 2026); *see also* Attachment 1. One comparison showed that a [

] CONNUM (SEQ [ ]) had direct VOH costs that were less than those of a [

---

[2]    Commerce characterizes WTTC's examples as "granular" and "prone to cherry picking," *see* Remand Results at 14, but the record contains only [   ] CONNUMs. *See* Draft Remand Calculation at Attachment 3. Given this [    ] sample size, any CONNUMs that do not fit Commerce's conclusion are highly probative.

BUSINESS PROPRIETARY INFORMATION
HAS BEEN DELETED

Ct. No. 24-00070                                                    NON-CONFIDENTIAL VERSION

] CONNUM (SEQ [  ]). *See* Petitioner Comments on Draft Remand at 4; *see also* Remand Results at 15. While Commerce objects, noting that the difference in the height and weight of the two CONNUMs is [                ], it does not explain why the more complex SEQ [  ] would have lower direct VOH costs. *See id.* Indeed, Commerce recognizes that "the differences in the two CONNUMs are [                                    ]," without acknowledging that the CONNUM with [                        ] has [                ] lower direct VOH costs. *See id*; *see also* Attachment 1. By Commerce's logic, SEQ [  ] should have greater direct VOH costs because it is more complex.

SEQ [   ] and SEQ [    ] also do not fit Commerce's hypothesis that [                ]. *See* Remand Results at 15; *see also* Attachment 1. These CONNUMs are [                    ] except that SEQ [    ] is [            ] SEQ [    ]. Yet SEQ [    ] has direct VOH costs that are [      ] percent greater than SEQ [    ]. *See* Remand Results at 18. Therefore, a factor other than their height, weight, or complexity must explain this difference.

Relatedly, SEQ [   ] is at least [      ] tons lighter than SEQ [   ] and only slightly shorter. *See id.* at 16. SEQ [   ] also has [                    ] whereas SEQ [   ] has neither. *See id.* at 16. However, SEQ [   ]'s direct VOH costs are only [    ] percent greater than SEQ [   ]. *See also* Attachment 1. Again, Commerce fails to provide a reasonable explanation for evidence that cuts against its theory. Instead, Commerce simply "set{s} aside" height and weight to claim that the cost differences between SEQs [        ] are [      ] because the differences are based on [                        ]. *See* Remand Results at 17. But Commerce cannot simply ignore the more important characteristics for the less important characteristics. Nor can it downplay the influence of [                        ] over direct VOH where its own analysis relies on their importance. *See id.* at 8.

8

BUSINESS PROPRIETARY INFORMATION
HAS BEEN DELETED

Ct. No. 24-00070                                              NON-CONFIDENTIAL VERSION

Moreover, Commerce ignores that per-piece direct VOH varies between CONNUMs without any relationship to height, weight, or complexity.[3] As discussed above, SEQ [ ] is at least [ ] tons heavier than SEQ [ ], yet SEQ [ ]'s direct VOH costs are only [    ] percent more than SEQ [ ]. *See* Remand Results at 15; *see also* Attachment 1. Separately, SEQ [ ] is, at most, [      ] tons heavier and [          ] taller than SEQ [ ], but the two SEQs are otherwise [                              ]. *See* Remand Results at 15-16; *see also* Attachment 1.[4] Nonetheless, SEQ [ ]'s direct VOH costs are [     ] percent greater per-piece. That is, the weight difference between SEQ [       ] is [    ] the difference between SEQ [        ], but the difference in direct VOH is [                ]. *See* Attachment 1. This variance in cost is further evidence of the lack of any coherent relationship between the physical characteristics of Dongkuk's merchandise and the reported direct VOH costs.

In sum, Commerce failed to properly consider record evidence undermining its conclusion that heavier, taller, and more complex towers result in greater direct VOH costs. Rather, Dongkuk's direct VOH costs, like plate and indirect conversion costs, demonstrate significant differences unrelated to the physical characteristics of Dongkuk's merchandise.

---

[3]      Notably, indirect VOH also [                                        ], *see* Draft Remand Calculation at Attachment 3, yet Commerce found that these costs were unrelated to the product's characteristics. *See* Remand Results at 4.

[4]      The presence of a [            ] does not drive this cost difference, as SEQ [ ] has [     ] than SEQ [ ], a CONNUM with [                ], and [                              ]. *See* Remand Results at 15.

## III.    **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court find that Commerce's remand determination is not supported by substantial evidence or otherwise in accordance with law and, consequently, remand the determination to the agency for further consideration.

Respectfully submitted,

*/s/ Robert E. DeFrancesco, III*
Alan H. Price, Esq.
Robert E. DeFrancesco, III, Esq.
Maureen E. Thorson, Esq.
Laura El-Sabaawi, Esq.
John Allen Riggins, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to Plaintiff Wind Tower Trade Coalition*

Dated: April 9, 2026

CERTIFICATE OF COMPLIANCE

Pursuant to Chambers Procedure 2(B)(1), the undersigned certifies that these comments comply with the word limitation requirement. The word count for Plaintiff Wind Tower Trade Coalition's Comments in Opposition of Final Results of Redetermination Pursuant to Court Remand, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2019), is 2,835 words.

*/s/ Robert E. DeFrancesco, III*
(Signature of Attorney)

Robert E. DeFrancesco, III
(Name of Attorney)

Wind Tower Trade Coalition
(Representative Of)

April 9, 2026
(Date)

# ATTACHMENT 1

BUSINESS PROPRIETARY INFORMATION HAS BEEN DELETED

**Dongkuk's Direct VOH Costs Lack a Coherent Relationship to the Physical Characteristics of Donkuk's Wind Towers**

**Physical Characteristics of Dongkuk's Towers**

| SEQ | CONNUM | Weight (Net Tons) | Height (meters) | Sections | Paint | Metal | Bus Bar | Power Cable | Elevator | Platform (Count) | Internals | Direct VOH (per piece) |
|-----|--------|-------------------|-----------------|----------|-------|-------|---------|-------------|----------|------------------|-----------|------------------------|
| | | | | | | | | | | | | |

Source: Draft Remand Calculation at Attachment 3

**SEQ [ ] is [                    ] Than SEQ [ ] but Has [    ] Percent Lower Direct VOH Costs**

| SEQ | Weight (Net Tons) | Height (meters) | Sections | Paint | Metal | Bus Bar | Power Cab | Elevator | Platform (Count) | Internals | Direct VOH (per piece) |
|-----|-------------------|-----------------|----------|-------|-------|---------|-----------|----------|------------------|-----------|------------------------|
| [ | | | | | | | | | | | ] |
| [ | | | | | | | | | | | ] |
| | | | | | | | | | | % Difference | [            ] |

**SEQ [    ] is Shorter Than SEQ [    ] but Has [       ] Percent Greater Direct VOH Costs**

| SEQ | Weight (Net Tons) | Height (meters) | Sections | Paint | Metal | Bus Bar | Power Cab | Elevator | Platform (Count) | Internals | Direct VOH (per piece) |
|-----|-------------------|-----------------|----------|-------|-------|---------|-----------|----------|------------------|-----------|------------------------|
| [ | | | | | | | | | | | ] |
| [ | | | | | | | | | | | ] |
| | | | | | | | | | | % Difference | [            ] |

**SEQ [ ] is Far [                    ] than SEQ [ ] but Has Only Slightly Greater Direct VOH Costs**

| SEQ | Weight (Net Tons) | Height (meters) | Sections | Paint | Metal | Bus Bar | Power Cab | Elevator | Platform (Count) | Internals | Direct VOH (per piece) |
|-----|-------------------|-----------------|----------|-------|-------|---------|-----------|----------|------------------|-----------|------------------------|
| [ | | | | | | | | | | | ] |
| [ | | | | | | | | | | | ] |
| | | | | | | | | | | % Difference | [            ] |

**Variance in Direct VOH Costs Is Disproportionate to Physical Characteristics**

| SEQ | Weight (Net Tons) | Height (meters) | Sections | Paint | Metal | Bus Bar | Power Cab | Elevator | Platform (Count) | Internals | Direct VOH (per piece) |
|-----|-------------------|-----------------|----------|-------|-------|---------|-----------|----------|------------------|-----------|------------------------|
| [ | | | | | | | | | | | ] |
| [ | | | | | | | | | | | ] |

Min. Weight Difference: [    ] tons                                    % Difference   [            ]

| [ | | | | | | | | | | | ] |
| [ | | | | | | | | | | | ] |

Max. Weight Difference: [    ] tons                                    % Difference   [            ]