PUBLIC DOCUMENT

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **WIND TOWER TRADE COALITION,**<br><br>　　　　　　　**Plaintiff,**<br><br>　　**v.**<br><br>**UNITED STATES,**<br><br>　　　　　　　**Defendant,**<br><br>　　**and**<br><br>**DONGKUK S&C CO., LTD.,**<br><br>　　　　　　　**Defendant-Intervenor.** | **Before:  Hon.  Leo  M.  Gordon,**<br>　　　　　　**Senior Judge**<br><br>**Court No. 24-00070**<br><br><u>**PUBLIC DOCUMENT**</u> |

<u>**PLAINTIFF WIND TOWER TRADE COALITION'S<br>COMMENTS IN PARTIAL SUPPORT OF THE FINAL RESULTS OF<br>REDETERMINATION PURSUANT TO COURT REMAND**</u>

Alan H. Price, Esq.
Robert E. DeFrancesco, III, Esq.
Maureen E. Thorson, Esq.
Laura El-Sabaawi, Esq.
John Allen Riggins, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to Plaintiff Wind Tower Trade
Coalition*

Dated: May 14, 2026

**Ct. No. 24-00070**                                                    **PUBLIC DOCUMENT**

## <u>TABLE OF CONTENTS</u>

Page

I.    INTRODUCTION ...................................................................................................1

II.   COMMERCE'S REMAND REDETERMINATION CORRECTLY FOUND THAT
      DONGKUK'S INDIRECT CONVERSION COSTS SHOULD BE ADJUSTED .............1

III.  CONCLUSION.......................................................................................................3

Ct. No. 24-00070                                          PUBLIC DOCUMENT

## TABLE OF AUTHORITIES

**Cases**                                                          **Page(s)**

*Thai Plastic Bags Indus. Co., Ltd. v. United States*,
    746 F.3d 1358 (Fed. Cir. 2014)..................................................................................1

**Statutes**

19 U.S.C. § 1677b(f)(1)(A)..................................................................................1, 3

**Administrative Materials**

*Antidumping Duties; Countervailing Duties*,
    61 Fed. Reg. 7,308 (Dep't Commerce Feb. 27, 1996)...............................................1

## I.    INTRODUCTION

On behalf of Plaintiff Wind Tower Trade Coalition ("Plaintiff" or "WTTC"), we respectfully submit the following comments in partial support of the February 27, 2026 remand results issued by the U.S. Department of Commerce ("Commerce"). Final Results of Redeter. Pursuant to Ct. Remand Order in *Wind Tower Trade Coalition v. United States*, Ct. No. 24-00070 (Feb. 27, 2026), ECF No. 52-53 ("Remand Results"). In its remand results, Commerce adjusted Dongkuk's reported direct labor, indirect variable overhead, and fixed overhead costs (collectively, "indirect conversion costs"), *see id.* at 3-7, but left Dongkuk's direct variable overhead ("direct VOH") unadjusted. *See id.* at 7-8. As discussed below, Plaintiff supports Commerce's decision to adjust indirect conversion costs, though Plaintiff opposes Commerce's decision to leave Dongkuk's direct VOH unadjusted. *See generally* Pl. WTTC's Cmts. in Opp'n to Final Results of Redeter. Pursuant to Court Remand (Apr. 9, 2026), ECF No. 58-59.

## II.   COMMERCE'S REMAND REDETERMINATION CORRECTLY FOUND THAT DONGKUK'S INDIRECT CONVERSION COSTS SHOULD BE ADJUSTED

Commerce may only rely on the costs reported in a respondent's books and records "if such records . . . reasonably reflect the costs associated with the production and sale of the merchandise." 19 U.S.C. § 1677b(f)(1)(A). Commerce's longstanding position is that the costs associated with the production and sale of subject merchandise are those attributable to differences in the physical characteristics of the merchandise. This approach recognizes that physical differences "'generally account' for major differences in costs." *Thai Plastic Bags Indus. Co., Ltd. v. United States*, 746 F.3d 1358, 1368 (Fed. Cir. 2014) (quoting *Antidumping Duties; Countervailing Duties*, 61 Fed. Reg. 7,308, 7,339 (Dep't Commerce Feb. 27, 1996)).

Dongkuk allocates indirect conversion costs in a manner unrelated to the physical characteristics of its merchandise. Specifically, Dongkuk allocates a per-unit price per ton to all

1

projects and performs this allocation each month. *See* Remand Results at 3 (citing Dongkuk Supplemental D Response, CD 37-44, PD 60 at SD-25 – SD-26). As a result, "projects produced in months with higher production volume have lower indirect conversion costs, while projects produced in months with lower production volume have higher indirect conversion costs." *Id.* at 3-4. That is, Dongkuk's indirect conversion costs depend on the amount of production, not the physical characteristics of the merchandise Dongkuk produced. In support of this conclusion, Commerce highlighted that each of the indirect conversion cost categories fluctuated significantly on a per-ton basis. *Id.* at 4 (citing DOC Draft Remand Calculation Memo at Attachment 3). Therefore, after originally accepting Dongkuk's as-reported indirect conversion costs, Commerce recognized in its Remand Results that "Dongkuk's indirect conversion costs do not reasonably reflect the cost associated with producing the merchandise under consideration due to the fluctuations in reported costs between CONNUMs." *Id*. at 5.

Defendant-Intervenor claims that Commerce's decision was incorrect, again on the basis that Dongkuk's costs were reported on a project-specific basis in Dongkuk's normal books and records. *See* Cmts. of Def.-Intervenor, Dongkuk S&C Co., Ltd., in Partial Opp'n to the Final Results of Redeter. Pursuant to Court Remand (Apr. 9, 2026) at 3-4, ECF No. 60. According to Dongkuk, its allocation method was valid because Dongkuk "used actual manufacturing costs from its accounting system to calculate conversion ratios and applied such ratios over monthly production quantities." *See id.* at 4. However, the statute does not equate costs based on a company's records with costs that "reasonably reflect the costs associated with the production and sale of the merchandise." 19 U.S.C. § 1677b(f)(1)(A). Commerce's practice looks to the relationship between costs and the physical characteristics of the merchandise precisely because the costs reported in a company's books and records may not reflect those characteristics, even

PUBLIC DOCUMENT

though they generally drive major cost differences. Here, although Dongkuk reported its indirect conversion costs based on the allocation methodology used in its books and records, that methodology assigned costs according to production volume, not the physical characteristics of its merchandise. As such, Commerce reasonably concluded that Dongkuk's as-reported costs did not reflect costs of production, according to its standard practice, and that these indirect conversion costs must be adjusted.

## III.   CONCLUSION

For the foregoing reasons, while Commerce's decision regarding direct VOH was not supported by substantial evidence or otherwise in accordance with law, the Court should uphold Commerce's finding that Dongkuk's indirect conversion costs were unrelated to the physical characteristics of its physical merchandise.

Respectfully submitted,

*/s/ Robert E. DeFrancesco, III*
Alan H. Price, Esq.
Robert E. DeFrancesco, III, Esq.
Maureen E. Thorson, Esq.
Laura El-Sabaawi, Esq.
John Allen Riggins, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to Plaintiff Wind Tower Trade Coalition*

Dated:  May 14, 2026

3

CERTIFICATE OF COMPLIANCE

Pursuant to Chambers Procedure 2(B)(1), the undersigned certifies that these comments comply with the word limitation requirement. The word count for Plaintiff Wind Tower Trade Coalition's Comments in Opposition of Final Results of Redetermination Pursuant to Court Remand, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2019), is 721 words.

*/s/ Robert E. DeFrancesco, III*
(Signature of Attorney)

Robert E. DeFrancesco, III
(Name of Attorney)

Wind Tower Trade Coalition
(Representative Of)

May 14, 2026
(Date)